UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Plaintiff,

  v.

        Case No. 22-cv-1146-pp

MS. VANDE VOORT,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendant violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's

---

[1] The plaintiff was not incarcerated when he filed this case, and currently is not incarcerated.

1

request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably, his paychecks) are garnished at 20% and that currently he is homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. The court will grant the motion to proceed without prepaying the filing fee.

**II.    Screening of Complaint**

    A.    <u>Standard for Screening Complaint</u>

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff sues Ms. Vande Voort, who works at the Oshkosh Correctional Institution. Dkt. No. 1 at 1-2. He alleges that on April 21, 2020, Vande Voort twice retaliated against him for submitting an informal grievance with her by placing him in TLU (temporary lockup status) and issuing him a baseless and frivolous conduct reports.[2] Dtk. No. 1 at ¶¶1, 2. (The plaintiff believes that the conduct reports alleged that threats were made, but there was no proof of any threats. Id.) The plaintiff also alleges that on June 2, 2020, Vande Voort and a Lt. Doll (not a defendant) conspired to retaliate against him for submitting a grievance by placing him in TLU and issuing him a conduct

---

[2] The plaintiff states the second incident took place on April 21, 2022, but the court assumes that he means 2020.

3

report. Id. at ¶3. The plaintiff refers to the interactions between Vande Voort and Doll as a "conspiracy." Id. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 4.

C.   Analysis

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff may proceed on retaliation claim against Vande Voort. (If the plaintiff wants to proceed on against Lt. Doll, he should file an amended complaint naming Doll as a defendant.)

The plaintiff has not stated a separate claim that Vande Voort conspired to retaliate against him. See Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999); Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). Even if the plaintiff had stated a claim of conspiracy to retaliate, the claim would add nothing to the case because the defendant is a state actor, the plaintiff alleges that she independently violated his rights and conspiracy is not an independent basis of liability in §1983 cases. See Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008).

4

Case 2:22-cv-01146-PP   Filed 12/06/22   Page 4 of 6   Document 5

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Vande Voort. Under the informal service agreement, the court **ORDERS** defendant Vande Voort to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:22-cv-01146-PP   Filed 12/06/22   Page 6 of 6   Document 5